# LESTER SCHWAB KATZ & DWYER, LLP
100 WALL STREET
NEW YORK, N.Y. 10005-3701
(212) 964-6611
FAX: (212) 267-5916

**DENNIS M. ROTHMAN**
Writer's Direct Dial: (212) 341-4343
E-Mail: drothman@lskdnylaw.com

**NEW JERSEY OFFICE**
500 Frank W. Burr Blvd
5th Floor, Suite 31
TEANECK, N.J. 07666
(973) 912-9501

September 25, 2018

By ECF

Hon. Pamela K. Chen
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Karanxha v. Permanent Mission*, 18 CV 5288 (PKC)(JO)

Dear Judge Chen:

    This is the letter motion of defendants the Permanent Mission of the Arab Republic of Egypt to the United Nations (Permanent Mission), Mohamed S. Hafiz, and Erie Insurance Company (Erie Insurance) seeking a pre-motion conference on a contemplated motion to dismiss the complaint pursuant to Rules 12(b)(1) and (6) as against UN Mission of Egypt, the Permanent Mission, and Mr. Hafiz because they have diplomatic immunity or sovereign immunity; and to strike plaintiff's jury demand filed September 21.

    The action arises from a motor vehicle accident on the Queensboro Bridge on June 12, 2018 between plaintiff's vehicle and a vehicle registered to the Permanent Mission, driven by Mr. Hafiz, a member of the mission. *E.g.*, complaint, ¶¶ 6-7, 20.

    Mr. Hafiz, as a member of the mission, has diplomatic immunity under 22 U.S.C. section 254a *et seq.* and the 1961 Vienna Convention on Diplomatic Relations.

    The Permanent Mission is a branch of the government of Egypt and therefore has sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. section 1604.

    Defendant "UN Mission to Egypt" does not exist. To the extent it may exist, it would be likewise a branch of the government of Egypt, and likewise protected by 28 U.S.C. section 1604.

    Even if sovereign/diplomatic immunity were not a bar to this action, service of process was not made pursuant to 28 U.S.C. section 1608, and was therefore insufficient under Rule 12(b)(2), (4), or (5).

    The action therefore should be dismissed as to the defendants other than Erie Insurance, and should continue as to Erie Insurance only, as a non-jury case, pursuant to 28 U.S.C. section 1364.

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Pamela K. Chen
September 25, 2018
Page 2

We will ask in the same motion to strike plaintiff's jury demand. Paragraph 56 of the complaint states in relevant part that, "the . . . incident is regulated by . . . 28 U.S. Code 1364." 28 U.S.C. section 1364 provides in relevant part:

> (a) The district courts shall have original and exclusive jurisdiction . . . of any civil action commenced by any person against an insurer who by contract has insured an individual, who is, or was at the time of the tortious act or omission, a member of a mission . . . against liability for personal injury, death, or damage to property.
>
> (b) Any direct action brought against an insurer under subsection (a) shall be tried without a jury.

Plaintiff has sued Erie Insurance as the insurer for a mission and a member of its staff. This is a non-jury case under the terms of the very statute on which plaintiff relies.

Plaintiff's jury demand also contains an objection to removal. Given the express grant of original and exclusive jurisdiction to the district court in section 1364, there is no meritorious objection to removal. The district court is the only court in which Erie Insurance can be sued on this claim.

Defendants also ask that the time of Erie Insurance to answer the complaint be extended *sine die*, and that the time of Erie Insurance to answer the complaint be set when we appear at the pre-motion conference. We have asked plaintiff's counsel Mr. Pager to consent to this proposal, but the lawyer from plaintiff's firm who returned my call a short while ago this afternoon, Mark Stumer, was not authorized to consent to, or reject, the proposal. We will suggest at the conference that holding the answer of Erie Insurance in abeyance until it is determined if Erie will be a lone defendant will provide for more orderly proceedings.

Under Rule 81(c), the answer of Erie Insurance is due September 27. No other requests have been made to any court to adjourn the answer date

                Respectfully,

                S/ Dennis M. Rothman

                Dennis M. Rothman

cc (by ECF):

All Counsel

4811-1120-6770/266-8010